UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DENNIS A. FORBES, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20-cv-130-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Dennis Forbes is an inmate previously confined at the United States Penitentiary—Big Sandy in Inez, Kentucky, but currently incarcerated at the Federal Correctional Institution—Schuykill in Minersville, Pennsylvania.[1] Proceeding without counsel, Forbes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States Court of Appeals for the Third Circuit, and that petition has now been transferred to this Court.[2] For the reasons that follow, Forbes's petition will be summarily **DENIED**.

---

[1] *See* BOP Online Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed Oct. 20, 2020).

[2] The proper respondent to a habeas petition is the petitioner's custodian at the time of filing, and a 28 U.S.C. § 2241 petition must thus be filed in the district court where the prisoner is incarcerated. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). However, the record before the Court does not clearly identify Forbes's place of incarceration at the time he filed his petition. The petition cites a USP-Big Sandy address. [R. 1 at 14.] But the Third Circuit Court of Appeals transferred the matter to the Middle District of Pennsylvania [*see* R. 1-1], which suggests Forbes was already incarcerated at FCI-Schuykill at the time of filing. Nevertheless, the

Forbes's petition is almost identical to one he previously filed in this district. *See Forbes v. Kizziah*, Case No. 7:18-cv-108-REW, 2018 WL 10509382, at *1 (E.D. Ky. Dec. 11, 2018). In the instant petition, Forbes againi challenges the 1999 immigration decision which ordered him removed from the United States. Forbes attempts to rely on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to claim he is "actually innocent" of the immigration charges against him, and he claims he received ineffective assistance of counsel during his immigration proceedings. Forbes ultimately asks the Court to "declare the deportation hearing null and void, remove the IRS detainer," and return his property. [R. 1 at 13.]

Forbes's claims in this § 2241 petition should be dismissed for abuse of the writ. Claims asserted in habeas proceedings are not, strictly speaking, subject to ordinary principles of claim and issue preclusion. *See Woo Dong v. United States*, 265 U.S. 239, 241 (1924). Nevertheless, a losing habeas petitioner may not continue to refile his claims before a different judge in hopes of obtaining a more favorable result. In fact, Congress has enacted a statutory prohibition against that very thing:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court

Middle District of Pennsylvania apparently believed Forbes to be a USP-Big Sandy inmate at the time of filing, and the matter has been transferred to this Court. [R. 4; R. 5; R. 6.] Accordingly, and based on Forbes's signed petition providing a USP-Big Sandy address, this Court will assume jurisdiction over the petition and review it pursuant to 28 U.S.C. § 2243.

>of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Under this provision, where the claims asserted have previously been determined by another court in a prior habeas petition, the district court may dismiss the petition. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995); *Thunder v. U.S. Parole Comm'n.*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served.").

In this case, Forbes's arguments have already been rejected in a thorough and well-reasoned opinion by at least one federal judge. *See Forbes v. Kizziah*, Case No. 7:18-cv-108-REW, 2018 WL 10509382, at *1 (E.D. Ky. Dec. 11, 2018). And as this Court has previously explained:

>Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.

*Skinner v. Hastings*, Case No. 7:05-cv-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1985)). The Court therefore need not entertain Forbes's repetitive challenge to the administration of his sentence.

3

Furthermore, even if Forbes's filing did not constitute an abuse of the writ, he still fails to articulate a viable claim for relief. His present incarceration appears to be the result of a valid criminal sentence. See *United States v. Forbes*, Case No. 6:99-cr-6084-CJS (W.D.N.Y. 1999) (sentencing Forbes to life imprisonment for the unlawful transport of firearms). Accordingly (and just as before), his petition does not challenge his *current* custody but rather a separate immigration proceeding. *See, e.g.*, *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990) ("In order for the district court to have jurisdiction over petitioners' habeas claims, petitioners must be in the custody of the INS.").

For these reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Forbes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. Judgment will be entered contemporaneously herewith;

3. The Clerk of the Court shall mail a copy of this Opinion and the corresponding Judgment to Forbes at FCI-Schuykill; and

4. This case is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 21st day of October, 2020.



Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge